LATORRE, ADMINISTRADOR JUDICIAL, DEMANDANTE Y APELADO,
*v.* TORRES, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en pleito sobre cobro de crédito hipotecario.

No. 1416.—Resuelto en febrero 24, 1917.

CONCLUSIONES DE HECHO—APELACIÓN.—El dejar la corte sentenciadora de hacer
determinadas conclusiones de hecho (*findings of fact*), no puede alegarse
como error en apelación.

CONTRATOS FRAUDULENTOS Y SIMULADOS—DECLARACIONES EN INTERÉS PROPIO.—
PRUEBA.—Cuando interpuesta una demanda por el administrador judicial
de los bienes de un finado en cobro de un crédito hipotecario, toda la prueba
tiende a demostrar que el contrato fué fraudulento y simulado y así lo
resolvió la corte, el hecho de que el finado en vida declarara lo contrario
en otros pleitos en que él fué parte, seguidos con el demandado y su esposa,
teniendo la naturaleza de declaraciones hechas en propio interés, no puede
afectar la conclusión a que se llegó en vista de la prueba.

ID.—ADMINISTRADOR JUDICIAL—ACCIONES BASADAS EN FRAUDE.—El administra-
dor judicial de los bienes de un finado no está en mejor situación para re-
clamar por virtud de un contrato fraudulento que en la que hubiera estado
el propio difunto. *In pari delicto potior est conditio defendentis.* Las
cortes no deben favorecer un contrato simulado. *Ex dolo malo non oritur
actio.*

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Angel Arroyo Rivera.*
Abogado del apelado: *Sr. José Benet Colón.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante, entre otros errores, alega la falta de conclusiones (*findings*) acerca de algunas supuestas cuestiones esenciales. Acabamos de resolver en el caso de *Lebrón* v. *Paganacci* que el dejar de hacerse conclusiones particulares no puede alegarse como error.

La corte en este caso emitió sus conclusiones (*findings*), las cuales han sido elevadas a este tribunal. Son las siguientes:

"La demanda en este caso fué interpuesta por el Administrador Judicial de los bienes del finado Julio N. Laabes, Don Cristino Latorre, en cobro de la suma de $500 correspondiente al primer plazo vencido en 31 de diciembre de 1914, de un crédito hipotecario constituído por Don Roque Torres y Rodríguez y su esposa Mauricia García mediante escritura otorgada ante el notario Ledo. José Benet en 2 de mayo de 1912.

"El demandado Roque Torres interpuso excepción general de que la demanda no aduce hechos suficientes para constituir una causa de acción; y contestó al mismo tiempo negando deber a Julio N. Laabes la suma de $2,500 cantidad total del crédito hipotecario mencionado, y confesando que en la fecha en que se otorgó la escritura de 2 de mayo de 1914 ante el notario José Benet, sólo adeudaba al finado Julio N. Laabes la suma de $600 y haciendo además otras alegaciones pertinentes a su derecho.

"También el demandado interpuso una contrademanda en su contestación en la que en resumen alegaba, que el demandado había otorgado la escritura No. 15, citada, debido a falsas y dolosas representaciones del finado Julio N. Laabes referente a su estado financiero, etc., y que su otorgamiento era simulado; y que en prueba de su buena fe el mismo día, mes y año en que se otorgó la escritura citada, otorgó en unión de Julio N. Laabes un documento privado en que se hacía constar dicha simulación y en la cual constaba que el demandado Roque Torres le debe a Laabes $600, que se obligaba a pagárselos en varios plazos; y terminaba solicitando que la corte declarara sin lugar la demanda y con lugar la contrademanda.

"La vista se celebró con asistencia de las partes y de sus abogados el día 18 de mayo de 1915, y como resultado de toda la evidencia introducida la corte da por probados los siguientes hechos:

"En este caso existe la simulación de contrato, pero éste no fué otorgado, como alega el demandante, para hacer aparecer que Julio

N. Laabes era solvente, sino para defraudar a su esposa Mauricia García, la cual en la fecha en que se otorgó dicho contrato, había establecido demanda de divorcio contra su esposo el demandado y pedía la división del capital de la sociedad conyugal.

"La verdadera causa de la simulación de dicho contrato no pudo alegarla el demandado, porque siendo con objeto de defraudar a su esposa en la división de los bienes conyugales, no le daba derecho a reclamar nada en contra de los herederos de Laabes.

"Respecto al documento privado o contra-documento, como se dice vulgarmente, que presenta el demandado, Laabes hace constar en el mismo la naturaleza de la transacción hecha entre él y Roque Torres; la corte opina que Laabes nunca otorgó tal documento.

"El documento de referencia aparece suscrito por Laabes, pero la corte ha llegado a la firme convicción de que la firma que aparece en el mismo no ha sido estampada por él, y que dicho documento fué preparado después de la muerte de Laabes.

"Muerto Laabes, ¿qué hace el demandado con el documento? Fué a casa de un notario público para hacer una exhibición del documento, en un procedimiento rarísimo y del cual por primera vez ha visto la corte en asuntos de esa índole. Si se quiere conservar un documento seguro, para poder presentarlo cuando fuere necesario, entonces debiera haberse protocolizado el documento; un acto de exhibición de documento ante notario, no tiene valor ninguno y no puede garantizar que las firmas en el mismo estampadas sean auténticas. El hecho de exhibir ante notario el documento y tratar de introducir como evidencia el acta notarial es sumamente sospechoso. El demandado enseñó el documento a su abogado y a otras personas, pero a la persona a quien debía enseñarlo o sea al administrador judicial Don Cristino Latorre, que hace meses que había sido nombrado por la corte y al cual como tal administrador judicial de los bienes de Laabes, es a quien debió el demandado enseñar el documento para que éste tuviera conocimiento del mismo; pero el demandado no lo hace así. Con el administrador judicial era con quien el demandado Roque Torres tenía que ventilar su asunto, y teniendo un papel de esa naturaleza, a dicho administrador era a quien debió presentarlo y no a personas extrañas a la administración de los bienes de Laabes.

"Por tales razones, la corte es de opinión que debe declarar como declara con lugar la demanda, y en consecuencia dictarse sentencia como así se ordena, de acuerdo con las alegaciones de la misma, con las costas, gastos, desembolsos y honorarios de abogado a cargo del demandado.''

Considerada la prueba opinamos con la corte inferior que el contrato de hipoteca por virtud del cual se instituyó este pleito en realidad de verdad fué simulado. El examen que hemos hecho de la prueba demuestra que todos los testigos sin siquiera excluir al abogado del apelado que ocupó la silla de testigos, estaban convencidos de que dicho contrato fué falso y simulado. La prueba toda se mostraba en este sentido, y el hecho de que el difunto en vida jurara lo contrario en pleitos distintos entre el apelante, la esposa de éste y el difunto teniendo la naturaleza de las declaraciones hechas en propio favor y que quizás son de otro modo incompetentes, no puede afectar la conclusión a que ha llegado esta corte así como la corte sentenciadora en vista de la prueba  Convenimos, también, con las otras conclusiones de la corte respecto a los hechos. El alegado contra-documento no tiene existencia real o legal entre las partes o sus representantes legales. El demandado fué en verdad parte en un fraude y su declaración no corroborada hubiera merecido muy poca consideración, pero su testimonio al efecto de demostrar que el contrato principal en realidad de verdad fué simulado estaba sostenido por otras pruebas. De las manifestaciones hechas por los testigos acerca de lo que sucedió después de firmarse el contrato principal deducimos que Laabes y Roque Torres en realidad otorgaron un contra-documento, pero que no fué el documento que Roque Torres exhibió al notario. Sea o no esto cierto, la prueba tiende a demostrar, independientemente de dicho documento, que el supuesto contrato de hipoteca era falso. No existe nada en los libros de Laabes que demuestre la existencia de una deuda tan grande. Su inventario fué cerrado sin ella, y apareció de la declaración de Roque Torres y de otras personas, que Laabes y dicho Roque Torres otorgaron el contradocumento para engañar a Mauricia García, esposa de Roque Torres.

No podemos, sin embargo, convenir con las conclusiones legales de los hechos a que ha llegado la corte. Laabes ac-

tuaba igualmente de modo fraudulento, y su administrador judicial no puede estar en mejor situación que la que hubiera tenido el mismo Laabes. *In pari delicto potior est conditio defendentis.* Comprendemos perfectamente que la corte estuvo impresionada con la mala fe y conducta fraudulenta del demandado en este y en otros pleitos y que dicho demandado mereció poca o ninguna consideración, pero tampoco la merecía Laabes que le ayudó a realizar esos actos. La escritura de hipoteca bajo la cual reclama este administrador judicial, según el propósito e intención de las partes, nunca tuvo existencia legal. La esposa del demandado fué inducida a firmarla por las falsas simulaciones de su esposo y de Laabes. El hecho de que nada pueda recobrarse por virtud de dicho contrato quizás puede beneficiar todavía a la única parte sin culpa en la transacción. Siendo un contrato fraudulento y simulado, las cortes no deben favorecerlo. *Ex dolo malo non oritur actio.* Hughes on Procedure, páginas 493 y siguientes, 605 y siguientes, 933 y siguientes.

Los artículos 1242 y 1243 del Código Civil disponen lo siguiente:

"Artículo 1242.—Los contratos sin causa, o con causa ilícita, no producen efecto alguno. Es ilícita la causa cuando se opone a las leyes o a la moral.

"Artículo 1243.—La expresión de una causa falsa en los contratos dará lugar a la nulidad, si no se probase que estaban fundados en otra verdadera y lícita."

No hubo causa alguna para este contrato y por tanto era ineficaz.

Considerando que esta cuestión principal favorece al apelante, se hace innecesario examinar los demás errores que han sido alegados.

La sentencia apelada debe ser revocada dictándose otra en favor del demandado, pero sin especial condenación de costas u honorarios de abogado, y sin perjuicio de que el

apelado pueda establecer una acción en cobro de la cantidad que realmente se le adeuda.

> Revocada la sentencia apelada y dictada otra declarando sin lugar la demanda, sin especial condenación de costas u honorarios de abogado, y sin perjuicio de que el administrador entable pleito por la cantidad que realmente se adeude.

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó expresando estar "conforme con la sentencia y con la opinión en cuanto se refiere al segundo de los dos errores discutidos."